Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 200421-79365
DATE: August 31, 2021

REMANDED

Entitlement to an evaluation in excess of 20 percent disabling for service-connected lumbar spine degenerative arthritis with spondylosis is remanded.

REASONS FOR REMAND

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran had honorable active duty service with the United States Navy from September 1977 to September 1981.

The Veteran selected the higher-level review lane when he submitted the election form, dated June 2018. Accordingly, a September 2019 rating decision considered the evidence of record as of the date VA received the RAMP election form. In January 2019, the Veteran submitted an additional election form requesting additional review of his claim for an evaluation in excess of 20 percent disabling for service-connected lumbar spine degenerative arthritis with spondylosis. It was treated as a claim for supplemental review. Also, in January 2019, the Veteran submitted an additional notice of disagreement. Therein, the Veteran asserted entitlement to a higher evaluation for his service-connected lumbar spine condition, bilateral lower extremity radiculopathy, and TDIU. 

In September 2019, the RO issued a rating which continued the assigned evaluation of 20 percent disabling for the Veteran's service-connected lumbar spine degenerative arthritis with spondylosis. It also granted service-connection for a scar evaluated as non-compensable, effective June 30, 2008. 

The Veteran timely appealed the September 2019 rating decision to the Board via VA Form 10182 Notice of Disagreement (dated April 2020) and requested direct review of the evidence by the Board of Veterans Appeals. The issues listed included entitlement to an evaluation in excess of 20 percent disabling for service-connected lumbar spine degenerative arthritis with spondylosis and failure to evaluate TDIU. The election noted that the Veteran declined to submit any additional evidence.

Similarly, the Board observes that the Veteran submitted an additional notice of disagreement in January 2019. It listed increased ratings claims for the Veteran's service-connected lumbar spine condition, bilateral lower extremity radiculopathy, and entitlement to a TDIU. As these claims were previously withdrawn from the legacy appellate review system, the notice of disagreement is ineffective.

Regrettably, the Board finds that the Veteran's claim of entitlement to evaluation in excess of 20 percent disabling for service-connected lumbar spine degenerative arthritis with spondylosis must be remanded to correct a pre-decisional duty to assist error which occurred prior to issuance of the September 2019 Rating decision. 

In reaching the stated conclusion, the Board notes that at the time of the September 2019 rating decision, the claims in consideration included entitlement to an increased rating for the Veteran's service-connected lumbar spine condition and entitlement to service connection for a scar. As a claim for a TDIU was not addressed in the September 2019 decision, this decision will only address the pre-decision error as to the claims considered in that decision and specifically identified in the April 2020 VA Form 10182 Notice of Disagreement.

1. Entitlement to an evaluation in excess of 20 percent disabling for service-connected lumbar spine degenerative arthritis with spondylosis is remanded.

Although the further delay entailed by remand is regrettable, current adjudication of the Veteran's claims would be premature. Undertaking additional development prior to a Board decision is the only way to ensure compliance with the duty to assist, as required. 38 U.S.C. § 5103A (2012); 38 C.F.R. § 3.159 (2020). 

The Veteran asserts entitlement to a higher evaluation for his service-connected lumbar spine degenerative arthritis with spondylosis. 

Review of the record indicates that the Veteran continues to seek treatment for his service-connected lumbar spine condition. 

VA medical center records, dated July 2008, referenced complaints of chronic back pain and an altered gait.

In January 2009, current diagnoses included lumbar paraspinous spasm, with limited range of motion and an antalgic gait.

Two months later, in March 2009, the Veteran reported chronic low back pain. Pain was described as sharp and stabbing, with numbness and tingling that radiated down the bilateral lower extremities. Steroid injections were prescribed to treat his lower extremity radiculopathy. 

A follow-up examination listed visible evidence of a surgical scar along the lumbar spine in July 2009. An antalgic gait was also observed.

In May 2010, a medical examination was conducted in connection with the Veteran's claim for disability benefits with the Social Security Administration (SSA). The examiner noted current diagnoses of degenerative disc disease of the lumbar spine, bilateral lower extremity neuropathy, and diabetes mellitus-type II. As to the latter, the Veteran's condition was described as well controlled with use of prescribed medications. On physical examination, the examiner noted that the Veteran suffered from a severe paraspinal muscle spasm, an abnormal gait, and forward flexion limited to 20 degrees. Pain impaired his ability to sleep. Prescribed treatments included Morphine Sulfate and Hydrocodone. A physical residual functional capacity assessment determined that the Veteran was incapable of walking or standing in excess of 30 minutes during an 8-hour day. His ability to sit for prolonged periods was limited to 6 hours in total. The Veteran's ability to lift items weighing over 10 pounds (lbs.) was listed as on occasion only. Conversely, his ability to lift or carry items less than 10lbs. was minimally impacted. 

In March 2017, the Veteran underwent a physical examination lumbar spine. A private physician noted chronic back pain and failed back surgery syndrome. By history, he suffered a back injury in service while working as an engine mechanic. Worsening symptoms have been reported since separation. An initial physical examination was conducted in January 2017. The Veteran's gait was described as ataxic. Tenderness and muscle spasms were observed over the L3-L5 area of the spine. Moderate atrophy was observed in the hamstrings and quadriceps. Muscle strength and sensation was decreased in the bilateral lower extremities. Forward flexion of the lumbar spine was limited to 45 degrees.

The Board observes that the Veteran was last afforded a VA examination in December 2008.

Considering the above, a pre-decisional duty to assist has occurred. Specifically, there is no evidence that a VA examiner has considered or evaluated favorable evidence suggesting an increase in symptomology associated with the Veteran's service-connected lumbar spine condition.

Accordingly, a remand is required. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination to consider favorable evidence suggesting an increase in symptoms related to the Veteran's service-connected lumbar spine condition. The entire claims file and a copy of this remand should be made available to the examiner for review, and such review should be noted in the examination report. All necessary tests and studies should be conducted.

The examiner must also discuss the functional/occupational impact of the Veteran's service-connected lumbar spine condition, and any related residual conditions.

As a part of the examination and/or opinion, the examiner must consider all medical evidence to include the Veteran's lay statements.

Any opinion offered must be accompanied by a complete rationale, to include consideration of all medical evidence and lay statements. If any requested opinion cannot be offered without resorting to speculation, the examiner should indicate such in the examination report and explain why a non-speculative opinion cannot be offered.

 

B. MULLINS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board N. Whitaker, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.